# EXHIBIT A

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF RICHLAND ) | Civil Action No.: |
| ) | |
| Gwendolyn Youngblood, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | **SUMMONS** |
| ) | |
| Webster University, Inc., ) | |
| ) | |
| Defendants. ) | |

TO: THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to said complaint on the subscribed, Mike Kelly Law Group, LLC., 500 Taylor Street, Post Office Box 8113, Columbia, South Carolina 29202, within THIRTY (30) days after the service hereof, exclusive of the date of such service. If you fail to answer the complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

Respectfully Submitted,

MIKE KELLY LAW GROUP, LLC
BY: _____
Brad D. Hewett
P.O. Box 8113
Columbia, SC 29202
Attorneys for Plaintiffs

Columbia, South Carolina
June 2, 2014

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF RICHLAND ) | |
| ) | |
| Gwendolyn Youngblood, ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | (Jury Trial Demanded) |
| vs. ) | |
| ) | |
| Webster University, Inc. ) | |
| Defendant. ) | |

Now comes Plaintiff, by and through counsel, and respectfully shows unto this Court that:

1. Plaintiff Gwendolyn Youngblood is a resident and citizen of Richland County, South Carolina.

2. That upon information and belief, Defendant Webster University, Inc. (hereinafter "Webster") was at all times relevant to this Complaint a Missouri based corporation licensed to operate by the South Carolina Commission on Higher Education engaged in the business of providing adult educational and specialized services to consumers. Defendant Webster is vicariously liable for the negligence of its employees, contractors, agents and/or servants under the doctrine of respondeat superior.

3. The parties to this action and the acts and omissions complained of herein are subject to the jurisdiction of this Court and venue is proper.

## FACTUAL ALLEGATIONS

4. On or about June 20, 2011, Plaintiff enrolled at the Columbia Metro Campus (hereinafter "Metro Campus") of Defendant Webster to pursue a Masters of Arts in Media Communications no Emphasis or Public Relations

1

5. Dr. Kathy Quinn, an employee, agent, contractor and/or servant of Defendant, informed Plaintiff that Defendant offered a dual program in which Plaintiff could obtain a Masters of Arts in Management and Leadership and Media Communications no Emphasis. Defendant represented to Plaintiff that this program would help Plaintiff develop leadership and management skills in addition to gaining knowledge in the area of Media Communications. Defendant also informed Plaintiff that all Management and Leadership courses must be completed before starting online Media Communication courses.

6. Relying upon Defendant's representations, Plaintiff enrolled in the Masters of Arts in Management and Leadership and Media Communications no Emphasis program at Defendant's Metro Campus.

7. On or about November 17, 2011, Plaintiff notified Defendant that both Defendant's online connections site and Plaintiff's unofficial transcript were not properly showing her degree status as pursuing a Masters of Arts in Management and Leadership and Media Communications no Emphasis. Plaintiff's degree status only indicated that she was pursuing a Master of Arts in Management and Leadership.

8. After Plaintiff notified Defendant of the inaccuracy in her degree status, Defendant informed Plaintiff that new employees recently hired at Defendant's St. Louis Campus (hereinafter "Home Campus") possibly inputted Plaintiff's information incorrectly into the system and that the "change" would be made. Relying upon Defendant's prior representations, documents and publications, Plaintiff advised Defendant to add Media Communications no Emphasis to the Defendant's online connections site and to her unofficial transcript.

9. Following this initial exchange, Plaintiff continued to contact representatives of Defendant's Metro Campus about her degree status as it remained incorrect. Upon information and belief, Defendant has refused and continues to refuse to correct Plaintiff's degree status.

10. On or about August 2013, Plaintiff received a letter from the Director of Defendant's Metro Campus notifying Plaintiff that her degree was invalid as Defendant did not offer a dual program in which Plaintiff could obtain both a Masters of Arts in Management and Leadership and Media Communications no Emphasis degree. Within this same letter, the Director of Defendant's Metro Campus admitted that Dr. Quinn erred in enrolling Plaintiff in the degree program and attributed the mistake to "human error."

11. Defendant subsequently informed Plaintiff that her only remedy would be to complete a sequential Masters of Arts in Media Communications no Emphasis degree at her own expense. Defendant informed Plaintiff that she could not be grandfathered into the program and that Defendant would not accept as credit the two courses that Plaintiff previously completed towards her Masters of Arts in Media Communications no Emphasis.

12. On or about March 12, 2014, Plaintiff contacted Defendant's Home Campus to file an Official Letter of Complaint against Defendant's Metro Campus for misrepresenting that Plaintiff would be able to simultaneously and at no additional expense pursue and obtain a dual Masters of Arts in Management and Leadership and Media Communications no Emphasis. Plaintiff's chief objective in enrolling at Defendant's Metro Campus was to obtain a Masters in Defendant's Media Communications program. Plaintiff would have opted to only pursue a Masters in Defendant's Media Communications program if not for Defendant's misrepresentations.

13. As a result of Plaintiff's complaint, the Interim Director of Defendant's Metro Campus contacted Plaintiff to inform her that Dr. Quinn had been fired for various administrative violations. Nevertheless, Defendant failed to display any accountability for its transgressions and reiterated that for Plaintiff to obtain a Masters of Arts in Media Communications she would have to pay for the sequential degree at her own expense.

14. On or about April 1, 2014, Plaintiff received a response letter from Defendant's Associate Vice President for Academic Affairs stating the Defendant did not offer a Master of Arts in Management and Leadership and Media Communications no Emphasis, and apologized that Plaintiff was told that this dual degree was a "possibility," despite the actuality that Plaintiff had been formally offered and accepted into this very same program

15. Plaintiff was accepted into the dual degree program under the guidance of an advisor and representative of Defendant. Plaintiff enrolled in courses under the persuasion and relying upon the representations of Defendant, its agents, contractors, employees and/or agents, and incurred costs for the same.

16. Defendant's error caused significant impediments to both Plaintiff's educational and career advancement. Plaintiff's primary objective in seeking to further her education with Defendant was to obtain a Masters of Arts in Media Communications. Defendant's misrepresentations and misconduct has necessitated that Plaintiff incur additional costs and spend the requisite time to obtain a Masters of Arts in Media Communications.

17. As a result of Defendant's deception, misconduct and misrepresentations, Plaintiff has suffered actual damages, pecuniary loss, consequential damage, and other financial injuries.

## FOR A FIRST CAUSE OF ACTION

### (Negligent Misrepresentation)

18. Plaintiff restates and realleges each and every allegation as if repeated herein verbatim.

19. Defendant represented through its agents, contractors, employees, and/or program materials that Plaintiff could obtain a Masters of Arts in Management and Leadership as well as Media Communications no Emphasis.

20. Defendant negligently led Plaintiff to believe that she would receive the promised degrees. Defendant made the above misrepresentations during the period of time it intended to contract with Plaintiff for the educational services.

21. Defendant knew that Plaintiff would rely on the representations made before she enrolled to take courses at Defendant's Metro Campus.

22. Plaintiff relied on the information provided by Defendant during her initial meeting with an advisor employed by Defendant and in ultimately deciding to enroll and incur costs for the purported dual degree program.

23. As a result of Defendant's negligent misrepresentation, Plaintiff has incurred and will continue to incur damages.

## FOR A SECOND CAUSE OF ACTION

### (Unjust Enrichment)

24. Plaintiff restates and realleges each and every allegation as if repeated herein verbatim.

25. Defendant received tuition payments, application and administration fees from Plaintiff with consideration in the form of educational services.

5

26. As a result of Defendant's failure to provide the requisite educational services, Plaintiff will not receive the dual degree that served as consideration for the tuition payments, application and administration fees remitted to Defendant.

27. Defendant has been unjustly enriched in the form of tuition payments and application and administration fees.

## FOR A THIRD CAUSE OF ACTION

### (Breach of Contract)

28. Plaintiff restates and realleges each and every allegation as if repeated herein verbatim.

29. Plaintiff and Defendant entered into a contract, supported by consideration, in which Defendant was to provide a Masters of Arts in Media Communications as well as courses related to management skills, leadership skills, and media communications to the Plaintiff in return for tuition payments, application and administration fees.

30. Defendant was provided with payment but has refused to adequately provide the promised education and degree.

31. As a result of Defendant's breach of contract, Plaintiff has incurred and will continue to incur actual damages, pecuniary loss, consequential damages, and other financial injuries.

## FOR A FOURTH CAUSE OF ACTION

### (Negligence)

32. Plaintiff restates and realleges each and every allegation as if repeated herein verbatim.

33.  Defendant had a duty to administer the educational services and degree that it expressly and contractually agreed to provide to Plaintiff. Defendant, its agents, employees, servants and/or contractors were negligent, grossly negligent, willful, reckless, and wanton in one or more of the following acts and/or omissions:

   a. In failing to provide the agreed upon educational services;

   b. In failing to provide adequate information to employees, agents, and officers about the availability of a Masters of Arts in Management and Leadership as well as a Masters of Arts in Media Communications no Emphasis.

   c. In failing to inform Plaintiff that the dual degree was not offered at the onset of her enrolling into the Masters of Arts in Management and Leadership and Media Communications no Emphasis.

   d. In such other and further particulars as may be ascertained during the course of discovery or trial of this case;

All of which combined and concurred to directly and proximately cause of the damages suffered by the Plaintiff herein.

## FOR A FIFTH CAUSE OF ACTION

### (Duty of Good Faith and Fair Dealing)

34.  Plaintiff restates and realleges each and every allegation as if repeated herein verbatim.

35.  Defendant breached the duty of good faith and fair dealing implied in the transaction and owed to Plaintiff pursuant to the Uniform Commercial Code, S.C. Code Ann §

36-1-102(3), inasmuch as Defendant undertook the fraudulent, unfair, and deceptive conduct described herein.

36. As a direct and proximate result of this breach of duty, Plaintiff has suffered damages.

37. Defendant is vicariously liable for this cause of action for the actions of its employees, agents, contractors and/or servants and is liable under the doctrine of respondeat superior.

## FOR A SIXTH CAUSE OF ACTION

### (Fraud)

38. Plaintiff restates and realleges each and every allegation as if repeated herein verbatim.

39. Defendant's misrepresentation as aforesaid, and its concealment and/or failure to disclose material facts as aforesaid, specifically persuaded Plaintiff to enroll in the purported dual program to obtain a Masters of Arts in Management and Leadership and Media Communications no Emphasis. Defendant's act of misrepresenting its degree programs constitutes actions which were arbitrary, in bad faith, or unconscionable, and which caused damages to the Plaintiff.

40. Plaintiff detrimentally relied upon Defendant's misrepresentations, omissions, and concealment in making her decision to enroll in the dual Masters of Arts program and was justified in her reliance inasmuch, as *inter alia*, Defendant was in a superior bargaining position.

41. The conduct of Defendant as aforesaid constitutes fraud.

42. Defendant is vicariously liable for this cause of action for the actions of its employees, agents, contractors and/or servants and is liable under the doctrine of respondeat superior.

### FOR A SEVENTH CAUSE OF ACTION

#### (Violation of the South Carolina Unfair Trade Practices Act)

43. Plaintiff restates and realleges each and every allegation as if prepared herein verbatim.

44. Defendant's actions and/or omissions as described herein violate S.C. Code Ann. § 39-5-10, et seq., which pertains to unfair methods of completion and unfair or deceptive acts or practices, in that Defendant misrepresented to Plaintiff that she could simultaneously and at no additional cost obtain a Masters of Arts in Management and Leadership and Media Communications no Emphasis. . Defendant's actions were calculated to result in monetary gain for the Defendant at the expense of the Plaintiff. Plaintiff has suffered ascertainable loss as a result of Defendant's actions in violation of the Act, as set forth herein.

45. Unfair methods of competition and unfair or deceptive acts or practices are defined and declared unlawful in S.C. Code Ann. §39-5-10, et. Seq.:

> a. §39-5-20(a). Unfair Trade Practices. Unfair methods of competition and unfair or deceptive acts or practices in the conduct or any trade or commerce are hereby declared unlawful.

46. Defendant violated the SCUPTA by engaging in and proposing to engage in unfair trade practices by means of the following unlawful, unfair and fraudulent acts and practices:

> a. Knowingly and intentionally representing that the Plaintiff could enroll in a program which would allow her to simultaneously and at no additional

9

cost receive a Masters of Arts in Management and Leadership and Media Communications no Emphasis; and

b. Acting, using, or employing deception, fraud, false pretenses, false promises or misrepresentations, and/or concealed, suppressed or omitted material facts with the intent that customers rely upon such concealment, suppression, or omission, in connection with the enrolling into the offered dual degree master's program.

47. The misrepresentation and omission of Defendant described herein were likely to deceive, induce, and mislead the Plaintiff and Defendant knew or should have known that Plaintiff would be deceived, induced, and misled.

48. Defendant's actions and omissions as set forth herein evidence a lack of good faith, honesty in fact, and observance of fair dealing so as to constitute unconscionable commercial practices, in violation of SCUPTA.

49. As a proximate result of the acts of unfair and deceptive trade practices and/or consumer fraud set forth above, Plaintiff has been deceived, induced, and misled.

50. Defendant, its agents and/or employees acted willfully, knowingly, intentionally, unconscionably, illegally, unlawfully, and committed deceptive trade practices and/or consumer fraud.

51. Defendant is vicariously liable for this cause of action for the actions of its employees, agents, contractors and/or servants and is liable under the doctrine of respondeat superior.

52. As a result of the acts of the unfair and deceptive trade practices and/or consumer fraud described above, Plaintiff has suffered actual, ascertainable loss for which Defendant is

liable. The unlawful trade practices engaged in by the Defendant has an adverse impact on the public interest by reason of established procedures being utilized thereby creating the potential repetition.

## JURY TRIAL DEMAND

53. Plaintiff hereby demands that all issues in this case triable before a jury be so tried.

## DAMAGES

WHEREFORE, Plaintiffs prays for judgment against Defendant in a sum sufficient to adequately compensate her for actual damages, punitive damages, treble damages under the SCUTPA, attorneys' fees, the costs of this action, and any relief a jury may award, and for such other and further relief as this court may deem just and proper.

Respectfully Submitted,

MIKE KELLY LAW GROUP, LLC

BY: _____
Brad D. Hewett
500 Taylor Street
Post Office Box 8113
Columbia, SC 29201
803/726-0123
bhewett@mklawgroup.com
Attorney for Plaintiff

Columbia, South Carolina
June 2, 2014

11